UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SANDY HOLT, JR.,

        Plaintiff,

v.

JENNIFER LACY et al.,

        Defendants.

_____/

Case No. 1:17-cv-1065

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Lacy, Justian, and Newman for failure to state a claim.

## Discussion

### I.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan.

His complaint, however, does not relate to the conditions of his confinement at LCF. It relates to the fact of his confinement. Plaintiff sues MDOC Records Office Supervisor Jennifer Lacy, Muskegon County Assistant Prosecutor Charles F. Justian, and Plaintiff's criminal trial counsel Valerie R. Newman. Each of the Defendants played a role in the criminal prosecution that resulted in Plaintiff's incarceration.

On August 12, 2002, Plaintiff was arrested in the state of Georgia on a warrant for a July 15, 2002, armed robbery in Muskegon, Michigan. (Compl., ECF No. 1, PageID.5.) Plaintiff's trial began approximately nine months later in the Muskegon County Circuit Court. He was convicted of armed robbery on May 27, 2003, and sentenced to a term of 30 to 90 years' imprisonment on July 1, 2003.

At the time Plaintiff committed the armed robbery offense he was on parole for breaking and entering convictions. Thus, when Plaintiff returned to Michigan from Georgia, he was held by the Michigan Department of Corrections rather than the Muskegon County Jail.

The State of Michigan guarantees the right to a speedy trial in every criminal prosecution in its constitution and by statute. Mich. Const. of 1963, Art. I §20; MICH. COMP. LAWS § 768.1. For inmates held in MDOC correctional facilities, the guarantee is enforced under MICH. COMP. LAWS § 780.131.[1] Under the statute, the inmate must be brought to trial within 180 days after the department of corrections provides written notice, by certified mail, requesting final disposition to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending. *Id*. If the action is not commenced within 180 days, the warrant, indictment, information, or complaint must be dismissed with prejudice. MICH. COMP. LAWS § 780.133.

---

[1] The guarantee was also enforced under the specific guidelines of Michigan Court Rule 6.004.

Plaintiff claims that under the state statutes, his action was not timely commenced and, therefore, the criminal proceeding against him should have been dismissed. At the time Plaintiff was convicted, the statutes at issue were considered inapplicable to an inmate whose sentence on the pending charge would be mandatorily consecutive to the sentence the inmate was already serving. *People v. Chavies*, 593 N.W.2d 655 (Mich. Ct. App. 1999). Based on that authority, the Michigan Court of Appeals rejected Plaintiff's argument when he raised it on direct appeal of his conviction, reasoning that Plaintiff's armed robbery sentence would have been mandatorily consecutive to the breaking and entering sentences for which he was on parole when he committed the armed robbery. *People v. Holt*, No. 250580, 2004 WL 2952291, at *2 (Mich. Ct. App. Dec. 21, 2004) ("Because defendant was on parole at the time of the alleged offense and therefore, his sentence in this case must be consecutive, the 180-day rule of MCL 780.131(1) and 780.133 does not apply.").

While Plaintiff's application for leave to appeal to the Michigan Supreme Court was pending, the Michigan Supreme Court overruled *People v. Chavies* in *People v. Williams,* 716 N.W.2d 208 (Mich. 2006). The Michigan Supreme Court concluded that the "mandatorily consecutive sentence exception" was improperly read into the statute. *Id*. at 213-14. This change raised for the first time the question of whether the prosecutor had notice of Plaintiff's incarceration with the MDOC.

In light of the *People v. Williams* decision, the Michigan Supreme Court invited supplemental briefing on Plaintiff's application for leave to appeal. *People v. Holt*, 721 N.W.2d 176 (Mich. 2006). Upon the request of the prosecutor, the Michigan Supreme Court remanded for an evidentiary hearing to develop the record with regard to the statutory notice.

Each of the Defendants played a role in that remand hearing. Defendant Justian participated for the Muskegon County Prosecutor's Office. Defendant Newman served as Plaintiff's appointed appellate counsel. Defendant Lacy, on behalf of the MDOC, testified that the certified mail notice contemplated by MICH. COMP. LAWS § 780.131 was never sent. Although there was never written notice from the MDOC to the prosecutor by certified mail, there was no question that the prosecutor had actual notice regarding Plaintiff's confinement with the MDOC. The prosecutor placed a "Request for Hold/Notification" for Plaintiff with the MDOC on September 27, 2002. *Holt v. Lafler*, No. 1:08-cv-295 (W.D. Mich.) (Notice, ECF No. 24-5).[2]

Under the version of Michigan Court Rule 6.004(D) in existence at the time of Plaintiff's criminal proceedings, the prosecutor's actual notice that a charged person was incarcerated with the MDOC triggered the running of the 180-day period. *Williams*, 716 N.W.2d at 215-16. In addition to eliminating the "mandatory consecutive sentence" exception, the *Williams* court also eliminated the "actual notice" trigger, for the same reason. "Actual notice," the *Williams* court found, represented an impermissible deviation from the statutory requirement of written notice by certified mail. *Id*. at 216-17.

Because the certified mail notice triggering the 180-day period under the statute was never sent, the Michigan Supreme Court ultimately concluded that the statute did not afford Plaintiff any relief. *People v. Holt*, 731 N.W.2d 93 (Mich. 2007). The supreme court determined that the statute applied; but, in the absence of the written notice by certified mail, the 180-day period never commenced running. *Id*.

---

[2] Plaintiff has already challenged his conviction in this Court under 28 U.S.C. § 2254. In *Holt v. Lafler*, No. 1:08-cv-295 (W.D. Mich.), this Court rejected Plaintiff's claims regarding Michigan's 180-day rule because they were not cognizable on habeas review. The state court record filed in the habeas case has supplied additional detail regarding the proceedings on Plaintiff's direct appeal of his criminal conviction.

Plaintiff presents a twenty page convoluted argument explaining how the circumstances described above are unfair to him.[3] He seeks a declaration that the matter as resolved by the Michigan Supreme Court has violated his constitutional rights. He does not expressly request release from incarceration, but he does ask the Court to put him back in the position he should have been in before his trial with the benefit of *Williams*. Plaintiff's goal is to make the statute applicable to him, as per *Williams*, yet he wants to either: (1) retain the benefit of the pre-*Williams* "actual notice" trigger or (2) obtain a declaration that the 180 day period was triggered because the notice should have been sent. If the Court were to issue declaratory relief as Plaintiff requests, Plaintiff's conviction would necessarily be invalidated.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

---

[3] By way of example, Plaintiff contends that all of the changes in the law wrought by *Williams* put him in the position that he would be compelled to challenge personal jurisdiction at his arraignment based on law that did not exist yet and facts that he had no way of knowing. There is nothing in the state court record, however, that indicates that Plaintiff's failure to take some action at his arraignment prejudiced him in any way.

5

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### A. Statute of limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[4]

Plaintiff's complaint is untimely. He asserts claims arising, at the latest, when the Michigan Supreme Court rendered its decision in May of 2007. *People v. Holt*, 731 N.W.2d 93 (Mich. 2007). Plaintiff had reason to know of any "harms" done to him by these Defendants at

---

[4] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

6

that time. Plaintiff did not file his complaint until November 28, 2017, well past Michigan's three-year limit.

Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

B. *Heck v. Humphrey*

Plaintiff claims to be seeking nothing more than a declaration of his rights. He does not directly challenge his incarceration by the State of Michigan. Direct challenges to the fact or duration of confinement should be brought in a petition for habeas corpus and are not proper subjects of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S.

475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). If Plaintiff's complaint directly challenged the fact or duration of his incarceration, it would be appropriately dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

Even though Plaintiff seeks only injunctive and declaratory relief that stops short of asking for release, the effect is the same. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.[5]

---

[5] Plaintiff has essentially exhausted all of his prospects for invalidating his conviction based on the 180-day rule. He has raised that challenge and lost in the Michigan courts on direct appeal, *People v. Holt*, 731 N.W.2d 93 (Mich.

C.  Defendant Justian is immune

Plaintiff alleges that he is suing Defendant Justian for actions he took in prosecuting the criminal action against Plaintiff. Defendant Justian is entitled to absolute immunity for such actions. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, the actions at issue here are part of the prosecutor's role as an advocate. Accordingly, Defendant Justian is entitled to immunity.

---

2007), and on a motion for relief from judgment, *People v. Holt*, 843 N.W.2d 522 (Mich. 2014). He has also raised that challenge under 28 U.S.C. § 2254 and lost in this Court. *Holt v. Lafler*, No. 1:08-cv-295 (W.D. Mich.).

D. Defendant Newman is not a state actor

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff cannot show that his court-appointed attorney acted under color of state law.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id.* The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton*

*Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003). Accordingly, Plaintiff's court-appointed attorney does not act under color of state law, and no claim under § 1983 can be maintained against her.[6]

### E. Defendant Lacy

Although Defendant Lacy was the MDOC employee who testified at the remand hearing regarding the notice provided by the MDOC to the Muskegon County Prosecutor, she was not the person responsible for sending that notice. Plaintiff alleges that Connie Delaforet was the MDOC employee at the MDOC Reception and Guidance Center who would have been responsible for the notice and, according to Plaintiff, actually provided notice to the prosecutor in August of 2002, although not in writing or by certified mail. Plaintiff makes no allegation that Defendant Lacy did anything wrong.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally

---

[6] To the extent that Plaintiff asserts claims of legal malpractice against Defendant Newman, such claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, any legal malpractice claims against Defendant Newman will be dismissed without prejudice.

involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Lacy.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lacy, Justian, and Newman will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Any state law malpractice claims against Defendant Newman will be dismissed without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: December 20, 2017                    /s/ Janet T. Neff
                                            Janet T. Neff
                                            United States District Judge